UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS M. WILMORE, JR.,

      Plaintiff,

                                   Case No. 12-14532

v.

                                   Hon. Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,                             Magistrate Judge R. Steven Whalen

      Defendant.

_____/

## **OPINION AND ORDER**

Plaintiff Louis M. Wilmore, Jr. filed a Title II application for a period of disability and disability insurance benefits on August 27, 2009, alleging that he became disabled on April 1, 2009 due to high blood pressure, diabetes mellitus, peripheral retinopathy, hearing loss, obesity, and post-traumatic stress disorder ("PTSD"). The Social Security Administration initially denied Plaintiff's application for benefits on December 11, 2009. Upon Plaintiff's request, Administrative Law Judge ("ALJ") Mary Ann Poulose conducted a hearing and reviewed the evidence *de novo* before issuing a decision finding Plaintiff not disabled within the meaning of the Social Security Act on April 28, 2011. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") on September 28, 2012, when the Social Security Appeals

Council denied review.  Plaintiff filed the present action seeking judicial review of the Commissioner's unfavorable decision on October 15, 2012.

Plaintiff filed the present action on October 15, 2012 seeking review of the Commission of Social Security's decision denying Plaintiff's claim for a disability insurance benefits ("DIB") under Title II of the Social Security Act.  The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of Michigan Local Rule 72.1(b)(3). Thereafter, Plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and Defendant filed a motion for summary judgment to affirm the decision of the Commissioner.  Magistrate Judge Whalen filed a report and recommendation ("R&R") on November 7, 2013 in which he recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, affirm the decision of the Commissioner finding Plaintiff not disabled pursuant to the Social Security Act, and dismiss Plaintiff's Complaint.  At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  After stipulating to an extension of time for the filing of objections to the R&R, Plaintiff filed a timely objection and Defendant responded.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g):

2

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 511-512 (6th Cir. 1994). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are to review the entire administrative record to determine whether the ALJ's decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). Thus, so long as the Commissioner's decision is supported by substantial evidence, it must be upheld even if substantial evidence exists in the record that might support an opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). However, where the ALJ failed to follow the Social Security Act's

3

procedural regulations, the ALJ's decision must be reversed even if the decision is supported by substantial evidence.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *cf. Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001) (noting that the Commissioner of Social Security has a clear, nondiscretionary duty to comply with Social Security regulations).

The Court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  The Court "is not[,]" however, "required to articulate all the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944.

## ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y*

4

*of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2] 20 C.F.R. § 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

---

[1] The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since April 1, 2009, the alleged onset date of Plaintiff's disability. (ECF No. 6-2 at Pg ID 43.)

[2] The ALJ concluded that Plaintiff has the following severe impairments: high blood pressure and diabetes mellitus. (ECF No. 6-2 at Pg ID 43.) The ALJ further concluded that Plaintiff's PTSD, atrophy of the peripheral retina, hearing loss, and obesity constitute non-severe impairments within the meaning of the agency's regulations as these impairments "do not more than minimally impact [Plaintiff's] ability to perform basic work activity." (*Id.* at 43-44.)

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (ECF No. 6-2 at Pg ID 44.) The Court notes that the ALJ's decision does not provide any specific analysis with respect to the severe impairment of high blood pressure. Rather, the ALJ's decision paid "specific attention to" the impairment of diabetes mellitus. (*Id.*)

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

In his R&R, Magistrate Judge Whalen found substantial record evidence in support of the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act.  Plaintiff raises one objection to the R&R.  As

---

[4] The ALJ founds that Plaintiff "has the residual functional capacity [("RFC")] to perform a full range of work at all exertional levels but with the following nonexertional limitation[]: use of the restroom hourly."  (ECF No. 6-2 at Pg ID 44.)  In making this finding, the ALJ determined that Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of his pain and other symptoms were not substantiated by the objective medical evidence and, therefore, not credible.  (*Id*. at 44-46.)  On the basis of her RFC determination, the ALJ concluded that Plaintiff is able to perform his past relevant work as a machinist and tool crib clerk because such work "does not require the performance of work-related activities precluded by [his] residual functional capacity[.]"  (*Id*. at 47.)  The ALJ noted that her conclusion was "consistent with the testimony of the vocational expert."  (*Id*.)  Because the ALJ determined that Plaintiff could perform his past relevant work, the ALJ concluded that Plaintiff has not been under a disability from April 1, 2009 through the date of her decision (April 28, 2011). (*Id*.)  Magistrate Judge Whalen found substantial evidence in the record to support the ALJ's determination.  (R&R 14.)

[5] The ALJ's determination at step four – that Plaintiff retained the residual functional capacity to perform his past work as a machinist and tool crib clerk and was therefore not disabled within the meaning of the Social Security Act – precluded the necessity of moving on to step five.  *See* 20 C.F.R. § 404.1520(a)(4) (explaining that if an ALJ determines that a claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step).

6

Magistrate Judge Whalen advised the parties, any argument regarding the portions

of the R&R not objected to have been waived.  (R&R 14.)

Objection #1:

Plaintiff contends that Magistrate Judge Whalen erred in excusing the ALJ

from acknowledging and commenting upon an April 2010 notation in medical

records from the Department of Veterans Affairs ("VA") indicating that Plaintiff

has an eighty (80) percent service-connected disability.  A review of the ALJ's

decision reveals that the ALJ gave this evidence no consideration at all.

As Magistrate Judge Whalen explained in his R&R, disability

determinations made by government agencies other than the Social Security

Administration are not binding upon the Commissioner.  (R&R 12.)  This is

because the final responsibility for deciding whether an individual is disabled rests

with the Commissioner.  20 C.F.R. § 404.1527(e).  However, the Commissioner

has an independent duty to "evaluate all the evidence in the case record that may

have a bearing on [a] determination or decision of disability, including decisions

by other governmental and nongovernmental agencies."  SSR 06-03p, 2006 SSR

LEXIS 5, at *17 (2006) (citing 20 C.F.R. § 404.1512(b)(5)).  "Therefore, evidence

of a disability decision by another governmental or nongovernmental agency

cannot be ignored and must be considered."  *Id.*  While "[t]here may be good

reason" for the Commissioner to reach a different conclusion than another agency

making a disability determination, "such as an incongruity in the disability standards of the respective agencies," the VA's determination "is simply another fact that the ALJ must take into account when considering all the evidence." *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 726 (E.D. Mich. 2011) (remanding case due to ALJ's failure to articulate reasons for rejecting the VA's disability determination); *see also* SSR 06-03p, 2006 SSR LEXIS 5, at *18 ("In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency.  However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.").

Although the ALJ cited evidence from Plaintiff's VA records, nowhere did she discuss the VA's indication that Plaintiff has an eighty (80) percent service-connected disability.  As a result, the ALJ did not explain whether she accorded this finding any weight, and if not, why not.  "As mentioned above, there may be good reasons for disregarding the determination, but the Court on review is left to speculate on the ALJ's rationale in the absence" of any mention of the finding. *King*, 779 F. Supp. 2d at 726.  Although it appears that the ALJ carefully considered the record medical evidence, she disregarded the "evidence of a disability decision by another governmental . . . agency" which, pursuant to the

8

Social Security Administration's regulations, "must be considered." SSR 06-03p, 2006 SSR LEXIS 5, at *17.

The Court disagrees with Magistrate Judge Whalen's conclusion that "[i]n the absence of a 100 percent disability finding by the VA, the ALJ is not required to adopt or even consider the VA's determination." (R&R 13 (citing *Green v. Comm'r of Soc. Sec.*, No. 07-cv-654, 2008 WL 3978476, at*4 (W.D. Mich. Aug. 22, 2008) (unpublished) (adopting report and recommendation, which provided that "plaintiff does not provide any authority from the Sixth Circuit, and this court has found none, that reversed an ALJ's decision for failing to give weight to a VA decision of anything less than total disability"). Contrary to the conclusion reached in the R&R, the absence of cases indicating that ALJ's do not have an obligation to consider anything other than a 100 percent disability finding by another governmental agency is not dispositive. Further, the absence of case law does not support a conclusion that this is the law. In fact, SSR 06-03p, promulgated for the purpose of clarifying how the Social Security Administration considers decisions by other governmental agencies on the issue of disability, contains no such limiting language and the Court, which is not embraced within the executive branch of government, will not read words into a regulation that are simply not there.

The record on the VA's disability determination has not been developed, and the Court, therefore, is unable to determine that substantial evidence supports the

ALJ's determination.  However, the Court does not find that Plaintiff has conclusively established an entitlement to benefits.  Because factual issues remain unsettled, and because the Commissioner's decision did not comply with the Social Security regulations, the case must be remanded for further consideration of the evidence.

Having reviewed Plaintiff's sole objection *de novo*, the Court concludes that Magistrate Judge Whalen properly reviewed the administrative record and applied the correct law except with respect to the ALJ's treatment of evidence of the VA's disability finding.  Because Plaintiff's objection has merit, the Court sustains the objection and further adopts the R&R in part and rejects the R&R in part.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection (ECF No. 16) to the portion of Magistrate Judge Whalen's Report and Recommendation addressing the ALJ's failure to consider the VA's disability determination is **GRANTED** and, for that reason, Magistrate Judge Whalen's Report and Recommendation (ECF No. 14) is **ADOPTED IN PART AND REJECTED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 9) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the

Commission for reconsideration pursuant to sentence four of 42 U.S.C. § 405(g)

for proceedings consistent with this Opinion and Order.


Date: January 29, 2014

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

**Norton J. Cohen, Esq.**
**Allen Duarte, Esq.**
**Judith E. Levy, AUSA**
**Magistrate Judge R. Steven Whalen**